UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                                      CRIMINAL NO. 3:22-CR-00070-DJH

JAYLN REDD                                                                    DEFENDANT

---

SENTENCING MEMORANDUM

---

Comes now the defendant, through counsel, to respectfully request that this court impose a sentence at the bottom of the guidelines as calculated in the PSR and as recommended by the United States in the plea agreement. The PSR prepared by the Office of Probation and Parole correctly calculates Mr. Redd's total offense level at 24, and his criminal history category at I. Therefore, as discussed in ¶ 50 of the plea agreement, the guideline sentence would be between 51 and 63 months.

This is a mine-run case, and a bottom of the guidelines sentence of 51 months imprisonment is sufficient, but not greater than necessary to effectuate the purposes of 18 U.S.C. § 3553. While the nature of the offense in this matter is obviously concerning, Mr. Redd is twenty-three years old now, and was twenty-one at the time of the instant offense. His only contact with the criminal justice system has been for a misdemeanor at age 14, and a Reckless Driving offense as an adult. Additionally, Mr. Redd suffers from untreated bipolar disorder. PSR ¶ 44. A sentence of 51 months would reflect the seriousness of this offense and promote respect

for the law. It would provide adequate deterrence and offer Mr. Redd the medical care and correctional treatment he needs to succeed going forward.

According to the United States Sentencing Commission Judiciary Sentencing Information tool ("JSIN") available online, there were 112 defendants whose primary guideline was §2B3.1, with a Final Offense Level of 24 and a Criminal History Category of I, after excluding defendants who received a §5K1.1 substantial assistance departure. For the 107 defendants (96%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 46 month(s) and the median length of imprisonment imposed was 48 month(s). Therefore, a sentence at the bottom of the guidelines, or even a slight downward variance would be consistent with the national average and satisfy the edicts of 18 U.S.C. §3553 (a)(6):  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

With respect to monetary penalties, the PSR correctly notes in ¶ 48 that the defendant would be unable to pay a fine within the guideline ranges. The appropriate period of supervised release is a period of one to three years. The defense makes no specific request to the appropriate period of supervised release and defers to the court's judgment. Like most defendant's, the defendant would request that the court suggest to the Bureau of Prisons that Mr. Redd be housed in an appropriate facility as close to his home of Elizabethtown, KY as possible.

WHEREFORE, the defendant requests a sentence of 51 months as calculated in the PSR and requested by the United States in the plea agreement.

Respectfully submitted,

/s Bradley Clark

Attorney for Mr. Redd
KBA #93070
Suhre & Associates – Lexington
333 W. Vine St., Ste. 300
Lexington, KY 40507
Ph: (859) 474-0001
bclark@suhrelaw.com

CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2023, I electronically filed the foregoing with the Clerk

of Court using the CM/ECF system, which will send a notice of electronic filing to the Office for

the United States Attorney for the Western District of Kentucky.


/s Bradley Clark
Bradley Clark
Counsel for Mr. Redd